IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS ANTONIO JONES, #203884, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:20-CV-220-WHA |
| | ) | |
| KAY IVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Marcus Antonio Jones, a state inmate currently serving a ninety-nine year sentence for a

murder conviction imposed upon him in 1999 by the Circuit Court of Coffee County,

Alabama.[1]  In this complaint, Jones challenges the constitutionality of his arrest in August

of 1997 for capital murder from which his murder conviction arose.  Doc. 1 at 2.  Jones

also presents claims attacking the constitutionality of his 1999 murder conviction.  Doc. 1

at 3–4.[2]  Finally, Jones raises a claim regarding his attack by another inmate while in prison

---

[1]The Clerk stamped the complaint "received" on March 27, 2020 but Jones executed the complaint on March 24, 2020.  Doc. 1 at 6.  Thus, the latter date is the earliest date he could have placed the complaint in the prison mail system.  A pro se inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court.  *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Fuller v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The court therefore considers March 24, 2020 as the date of filing.

[2]The record in a prior habeas action filed by Jones establishes that the Circuit Court of Coffee County imposed the murder conviction upon him on February 18, 1999.  *See Jones v. Mitchem, et al.*, Civil Action No. 05-CV-200-WKW-SRW (M.D. Ala. Oct. 2006).  In this habeas action, Jones raised a majority of the claims challenging his conviction that he presents in the instant complaint.  *Id*. at Doc. 1.  This court denied the habeas petition, *Id*. at Docs. 27 & 28, and the Eleventh Circuit Court of Appeals affirmed this denial.  *Id*. at Doc. 33.  Under well-established law, this court takes judicial notice of its own records.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir.2009).

"almost 4 years ago" and advises he has a case pending before this court on this issue.  Doc. 1 at 5.[3]  Jones names numerous defendants most of whom were in some way involved with his arrest and conviction.  It appears that Governor Kay Ivey, Attorney General Steve Marshall, Commissioner Jeff Dunn and Warden Charles Tipton are listed as defendants based solely on Jones' current incarceration which he alleges is improper.  Jones seeks reversal of his murder conviction, his immediate release from prison and monetary damages for the alleged violations of his constitutional rights.  Doc. 1 at 6.

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[4]

## II.  DISCUSSION

### A.  Claims Related to Arrest

Jones challenges the constitutionality of his arrest for capital murder on August 13, 1997.[5]  Specifically, Jones complains the arrest violated his constitutional rights because:

---

[3]Jones raises the failure to protect claim in *Jones v. Nolin*, Civil Action No. 17- CV-342-WKW-SRW (M.D. Ala).

[4]This court granted Jones leave to proceed *in forma pauperis* in this case.  Doc. 3.  Even though Jones submitted payment of an initial partial filing fee, the court remains obligated to screen the complaint for possible summary dismissal.  28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.).  Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . .  is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

[5]Although Jones identifies the date of arrest as August 12, 1997, Doc. 1 at 2, the entries on the case action summary sheet for the District Court of Coffee County made upon initiation of the capital murder charge maintained by the Alabama Trial Court System, hosted at www.alacourt.com, indicates the arrest of Jones occurred on August 13, 1997. For purposes of this Recommendation and as either date renders claims related to the arrest outside the pertinent statute

(1) The "[a]rrest warrant & complaint was issued & signed by a Circuit Court Clerk (Not a Judge or a Magistrate) for a Capital Felony, therefore arrest warrant & complaint [are] invalid."; (2) The officer who applied for the warrant based his probable cause on double hearsay.  Doc 1 at 3.[6]  Any claims related to issuance of the arrest warrant and the arrest of Jones pursuant to the warrant are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Issuance of the warrant and the arrest about which Jones complains occurred in August of 1997.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Jones from application of the time bar.[7]  The statute of limitations applicable

---

of limitations, the court will use August 13, 1997 as the date of arrest.  In addition, this case action summary sheet lists Jones' date of birth as March 1, 1971, making Jones 26 years of age at the time of his arrest.  As permitted by applicable federal law, the court likewise takes judicial notice of this state court document  *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

[6]The record in Jones' habeas action indicates the arrest warrant was issued on August 7, 1997.

[7]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action," but such tolling shall not exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a).  The state court records of which the court has taken judicial notice demonstrate that Jones had not been deemed legally insane nor was he under the age of 19 at the time his claims challenging the arrest accrued.  Moreover, even if applicable, tolling cannot exceed 20 years from the time the claims accrued.

to Jones' claims challenging the constitutionality of the arrest warrant and his arrest therefore began to run at the latest on August 14, 1997.[8]  The limitations period ran uninterrupted until its expiration on August 16, 1999.[9]  Jones filed the instant complaint on March 24, 2020.  Thus, the filing of this civil action occurred over twenty (20) years after expiration of the applicable period of limitations.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense.  The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte."  *Id*.

---

[8]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), Fed. R. Civ. P.

[9]Since expiration of the limitations period for the illegal arrest claims fell on August 14, 1999, a Saturday, the one-year period of limitations expired the following Monday, August 16, 1999.  Rule 6(a)(1)(C), Fed. R. Civ. P. ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint and relevant state court records, Jones has no legal basis on which to proceed with respect to the claims challenging the constitutionality of his arrest in August of 1997. As previously determined, the statutory tolling provision is unavailing. Consequently, the governing two-year period of limitations expired in August of 1999, several years prior to Jones filing the instant complaint. In light of the foregoing, the court concludes that Jones' claims challenging the arrest warrant and his arrest based on the warrant are barred by the applicable statute of limitations and are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d at 640, n.2; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B. Claims Against Judge Robert Barr and District Attorney Mark Fuller

Jones names Robert Barr, the judge who presided over his state court criminal proceedings, and Mark Fuller, the District Attorney for Coffee County at the time of his conviction, as two of the defendants. However, he is entitled to no relief from these defendants.

1. **Judge Robert Barr.**  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same).  "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by Jones regarding his conviction for murder necessarily emanate from actions taken by Judge Barr in his judicial capacity during state court proceedings over which he had jurisdiction.  Judge Barr is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not

acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority).

A claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke*, 490 U.S. at 325; *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.2001) ("A claim is frivolous [and subject to summary dismissal] if it is without arguable merit either in law of fact."). A claim is frivolous as a matter of law where the defendants are immune from suit. *Neitzke*, 490 U.S. at 327. Consequently, Jones' claims with respect to Judge Barr are "based on an indisputably meritless legal theory" and are therefore subject to dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Id.*; *Jenkins v. Dresnick*, 147 F. App'x 67, 68–69 (11th Cir. 2005) (affirming district court's dismissal of claims against judge as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)).

**2.** **<u>Former District Attorney Mark Fuller</u>**. The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute

immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Insofar as Jones seeks relief from the former district attorney for actions undertaken during Jones' trial, it is clear that these actions occurred while defendant Fuller engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which he is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Jones' claims against defendant Fuller are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[10]

Moreover, for the reasons set forth below, *see infra* at 8–11, Jones is entitled to no declaratory or injunctive relief for any alleged adverse action related to the murder conviction and sentence imposed upon him by the Circuit Court of Coffee County, Alabama.

### C.  Claims Challenging Conviction

Jones alleges "I have been wrongfully convicted" of murder and seeks monetary damages and his immediate release from incarceration. Doc. 1 at 6. In support of this

---

[10]For the same reasons, any claims against Attorney General Steve Marshall arising from his representation of the State in defending the murder conviction imposed against Jones are likewise subject to summary dismissal.

allegation, Jones complains that:  (1) Statements initially made by his co-defendant to law enforcement officials during the investigation of the murder which the co-defendant admitted contained false information and contradicted his trial testimony were referenced at trial; (2) The indictment entered against him is void as a law enforcement officer who investigated the murder sat on the grand jury which issued the indictment; (3) An all-white jury imposed the murder conviction; and (4) The trial court failed to give the petit jury its final oath.  Doc 1 at 3–4.  These claims go to the fundamental legality of Jones' murder conviction and the resulting sentence on which he is now incarcerated.  In accordance with well-established law, Jones is entitled to no relief on these claims in this case.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or

injunctive relief.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging

his conviction; if he makes allegations that are inconsistent with the [action] having been

valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th

Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who

challenges the fact or duration of his confinement and seeks immediate or speedier release,

even though such a claim may come within the literal terms of § 1983."  *Heck*, 512 U.S. at

481.  The "sole remedy in federal court" for a prisoner challenging the constitutionality of

incarceration on a sentence of a state court is a petition for writ of habeas corpus.  *Balisok*,

520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making

a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit

under the habeas corpus statute.").  An inmate "cannot seek to accomplish by a section

1983 declaratory judgment what he must accomplish solely through a writ of habeas

corpus."  *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996).  Under *Heck*, "[t]he

[determinative] issue . . . is not the relief sought, but the ground of the challenge."  *Miller

v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*,

139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state

inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas

corpus petition pursuant to 28 U.S.C. § 2254[.]").  The Supreme Court emphasized "that a

claim either is cognizable under § 1983 and should immediately go forward, or is not

cognizable and should be dismissed."  *Balisok*, 520 U.S. at 649.  "Later, in *Wilkinson v.

Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed

its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (all alterations in original).

Under the circumstances of this case, *Heck* and its progeny bar Jones' use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his murder conviction. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Jones which go to the fundamental legality of his conviction for murder are not cognizable in this civil action as they provide no basis for relief at this time and, thus, are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[11]

---

[11]Jones is advised that any habeas petition he files is subject to the procedural limitations imposed upon such petitions, in particular, the one-year limitation period and the successive petition bar. See 28 U.S.C. § 2254(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254 petition] is filed in

### D.  Malicious Claim

Jones challenges the constitutionality of a correctional officer's failure to protect him from attack by another inmate "almost 4 years ago[.]"  Doc. 1 at 5.  Jones acknowledges that he currently has a case pending before this court in which he raises this precise claim.  *See Jones v. Nolin*, Civil Action No. 2:17-CV-342-WKW-SRW (M.D. Ala.).  A federal court is empowered to dismiss a prisoner's claim presented in an *in forma pauperis* complaint as malicious where earlier and later complaints raise issues that are substantially identical.  28 U.S.C. § 1915(e)(2)(B)(i)  (A district court may dismiss a claim "at any time if the court determines that . . . [the claim] . . . is frivolous or malicious.").  A complaint permitted to proceed *in forma pauperis* which merely repeats previously litigated or currently pending claims may be considered abusive and such claims dismissed under the authority of section 1915(e)(2)(B)(i) as malicious.  *See Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (internal quotation marks omitted) (noting determination "that [r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915[e] as malicious."); *Cato v. United States*, 70 F.3d 1103, 1105 n.2  (9th Cir. 1995) (internal quotation marks and citation omitted) ("There is no abuse of discretion where a district court dismisses under § 1915[(e)] a [claim] that merely repeats pending or previously litigated claims."); *see Bagby v. Karriker*, 555 F. App'x. 405, 406 (5th Cir. 2014)

___

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

(unpublished) (affirming dismissal of complaint as malicious because it was duplicative of a prior action where the claims it raised could fairly be said to arise from the same series of events). "Dismissal of the duplicative [claims] . . . promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007).

In determining whether summary dismissal of a case or claims is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Green*, 788 F.2d at 1119. Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey*, 846 F.2d at 1021. In the prior cause of action filed by Jones, he raises the same claim alleging deliberate indifference to his safety as the claim listed in the instant complaint. The prior case remains pending before the court. Consequently, the deliberate indifference to safety claim raised in this case is malicious and dismissal of this claim is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims challenging the arrest warrant and his arrest pursuant to such warrant which occurred in August of 1997 be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as these claims are barred by the applicable statute of limitations.

2. The plaintiff's claims against Robert Barr and Mark Fuller seeking relief for actions which occurred during state criminal proceedings before the Circuit Court of

Coffee County, Alabama be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3.   The plaintiff's claims which go to the fundamental legality of the murder conviction imposed upon him in 1999 by the Circuit Court of Coffee County, Alabama be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief in the instant cause of action.

4.   The plaintiff's deliberate indifference to safety claim be DISMISSED without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as this claim is malicious since it repeats a claim currently pending before this court in *Jones v. Nolin*, Civil Action No. 2:17-CV-342-WKW-SRW (M.D. Ala.).

5.   This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

On or before **May 6, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.   Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.   11TH Cir. R. 3-1; *see Resolution Trust Co. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of April, 2020.


             /s/   Charles S. Coody
            UNITED STATES MAGISTRATE JUDGE